UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GRENOBLE HOUSE HOTEL                              CIVIL ACTION

VERSUS                                            NO. 06-8840

HANOVER INSURANCE COMPANY                         SECTION "K"(1)

## ORDER AND OPINION

Before the Court is the "Motion for Summary Judgment to Dismiss Plaintiff's Claims Due to Misrepresentation of Material Fact or, Alternatively, to Dismiss Plaintiff's Claims Arising Out of or Relating to the Property Located at 329 Dauphine Street." Having reviewed the pleadings, memoranda, and relevant law, the Court, for the reasons assigned, DENIES the motion.

## BACKGROUND

On August 29, 2010 when Hurricane Katrina struck New Orleans, Hanover Insurance Company ("Hanover") had in effect a commercial lines policy of insurance insuring property known as the Grenoble House Hotel, a seventeen (17) suite hotel located in three separate buildings bearing the municipal addresses 323, 325, and 329 Dauphine Street, New Orleans, Louisiana. The policy provided coverage for damages to the buildings, contents, and business interruption. The policy listed Grenoble House Hotel, L.L.C. ("Grenoble House") as the named insured under the policy.

As a result of Hurricane Katrina, the buildings comprising the hotel as well as the contents of those buildings sustained damaged. Grenoble House made a claim under the policy for damage to the buildings and their contents as well as a claim for business interruption damages. Hanover

1

made a number of payments under the policy, and eventually tendered the policy limits on the contents coverage and the business interruption coverage.

Dissatisfied with Hanover's failure to tender its policy limits for property damage and the timing of the payments made by Hanover, Grenoble House filed suit against Hanover in state court seeking to recover additional damages for property damage and debris removal as well as statutory penalties and attorney's fees under Louisiana law. Thereafter defendant removed that suit to this Court.

Defendant now seeks to dismiss all of plaintiff's claims contending that because Grenoble House represented itself to be the owner of the property located at 329 Dauphine, when in fact it was the lessor, of the property, Grenoble House made a material representation in connection with the policy which voids the policy.

SUMMARY JUDGMENT STANDARD

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law" Fed.R.Civ.P. 56(c). The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Stults v. Conoco*, 76 F.3d 651, 655 (5th Cir.1996) (citing *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 912-13 (5th Cir.) quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552- 53, 91 L.Ed.2d 265 (1986)). When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material

facts. The nonmoving party must come forward with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995).

Thus, where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no "genuine issue for trial." *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. at 588, 106 S.Ct. at 1356-57. Finally, this Court notes that the substantive law determines materiality of facts and only "facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

LAW AND ANALYSIS

The "Commercial Property Conditions" portion of the policy at issue provides in pertinent part that:

> This Coverage Part is void in any case of fraud by you as it relates to this Coverage Part at any time. It is also void if you or any other insured, at any time, intentionally conceal or misrepresent a material fact concerning:
>
> 1. This Coverage Part;
> 2. The Covered Property;
> 3. Your interest in the Covered Property; or
> 4. A claim under this Coverage Part.

Doc. 33-2, p. HANO-00024. It is undisputed that Grenoble House does not own the property located at 329 Dauphine Street and that it is the lessor of that property. It is also undisputed that at all times relevant herein, there was in effect a lease between Grenoble House and Morere Family, LLC for the property located at 329 Dauphine Street. Defendant asserts that Grenoble House misrepresented that it owned the disputed property in order obtain coverage and that based on that

material misrepresentation all of plaintiff's claims should be dismissed. Alternatively, defendant contends that all claims arising from or related to the building located at 329 Dauphine Street should be dismissed.

Because federal jurisdiction is grounded on diversity of citizenship, 28 U.S.C. §1332, Louisiana insurance law governs this case. The applicable Louisiana statute provides that:

> . . . . no oral or written misrepresentation or warranty made in the negotiation of an insurance contract, by the insured or in his behalf, shall be deemed material or defeat or avoid the contract or prevent it attaching, unless the misrepresentation or warranty is made with intent to deceive.

La. Rev. Stat. 22:619(a).[1] Thus, under Louisiana law, for a misrepresentation to avoid coverage under an insurance policy, the insurer bears the burden of establishing all of the following: "(1) the statements made by the insured were false; (2) the misrepresentations were made with the actual intent to deceive; and (3) the misstatements materially affected the risk assumed by the insurer." *Dean v. State Farm Mutual Automobile Insurance Company*, 975 So.2d 126, 132 (La. App. 4th Cir. 2008) citing *Cousin v. Page*, 372 So.2d 1231, 1233 (La. 1979).

As noted earlier, there is no dispute that Grenoble House does not own the disputed property. However, defendant has not offered any evidence establishing that Grenoble House ever represented that it was the owner of the property. In support of its motion Hanover submitted a copy of a page of the "Commercial Insurance Application" identifying Grenoble House as the applicant for insurance for 329 Dauphine Street. The application has a column titled "Interest" which includes boxes for "owner" and "tenant." The "owner" box is checked. Significantly there is no evidence

---

[1] Pursuant to Act, No. 415 of 2008, the Louisiana legislature redesignated and renumbered La. Rev. Stat. 22:619 as La. Rev. Stat. 22:860, effective January 1, 2009.

4

that a representative of Grenoble House signed the application or provided the information that it was the "owner" of the property. Absent such evidence, defendant has failed to establish that Grenoble House made a statement that was false, and therefore, summary judgment is precluded.

Additionally, even assuming *arguendo* that Grenoble House misrepresented that it was the owner of the disputed property, Hanover has failed to prove that plaintiff misrepresented that fact with the actual intent to deceive and has failed to prove that the misstatement materially affected the risk assumed by defendant. With respect to proving intent to defraud under La. Rev. Stat. 22:619A, the Louisiana Supreme Court has stated:

> The courts of appeals in interpreting a similar provision in R.S. 22:619B have reasoned that strict proof of fraud is not required to show the applicant's intent to deceive, because of the inherent difficulties in proving intent. Intent to defraud must be determined from surrounding circumstances indicating the insured's knowledge of the falsity of the representations made in the application and his recognition of the materiality of his misrepresentations, or from circumstances which create a reasonable assumption that the insured recognized the materiality.

*Cousin v. Page*, 971 So.2d at 1213. Hanover has not produced any competent Rule 56 evidence demonstrating that Grenoble House recognized the materiality of the misrepresentation. Although Hanover represents that L.M. Palazzo, Jr., the managing partner of Grenoble House, is "a former Louisiana-licensed insurance agent and, as such, certainly possesses specialized knowledge of typical policy language, requirements, and general terms and conditions of insurance contracts" and that Mr. Palazzo's "insurance knowledge is complemented by three decades of owning and insuring real estate," no proof of these contentions was provided. Hanover's mere allegations are insufficient to entitle it to summary judgment.

Finally, the Court notes that Hanover has failed to offer any competent Rule 56 evidence

establishing that a misstatement regarding ownership would be "material." A misrepresentation is material "if the truth would have resulted in the insurer not issuing the policy of insurance or issuing the policy at a higher rate." *Abshire v. Desmoreaux*, 970 So.2d 1188, 1196 (La. App. 3rd Cir. 2007). Hanover urges that "Grenoble House may not have been eligible for the coverage it obtained for the building had Hanover known that Grenoble House did not own it" and that "[a]t a minimum, the policy premium and coverages would have been different for a leased building as opposed to a building owned by the insured." Doc. 33-1, p. 7. That contention way well be true, and if true may bar plaintiff's recovery; however, for purposes of this motion, Hanover has failed to submit competent Rule 56 evidence establishing that had Hanover known Grenoble House was the lessor, as opposed to the owner of the building at 379 Dauphine Street, it would have either declined to write the policy at issue or would have issued the policy only upon the payment of a higher premium. Therefore, defendant is not entitled to summary judgment. Accordingly, the motion is denied.

New Orleans, Louisiana, this 26th day of July, 2010.

STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE